Gregory B. Smith (USB #6657)
GREG SMITH & ASSOCIATES (ALAPC)
111 East 5600 South, Suite 105
Murray, Utah 84107
Telephone: (801) 651-1512
mail: gs@justiceinutahnow.com

*Attorney for Plaintiff, Billy Joe Jackson, Jr.*

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BILLY JOE JACKSON, JR., <br><br> Plaintiff, <br><br> vs. <br><br> WESTERN ARCHITECTURAL SERVICES, TRACY AND SCOTT JONES. <br><br> Defendants. | **COMPLAINT FOR DAMAGES** <br><br> (JURY TRIAL DEMANDED) <br><br> Civil No.: |

**COMPLAINT FOR VIOLATION
OF THE FAIR LABOR STANDARDS ACT (UNPAID WAGES AND OVERTIME) AND
UNPAID PAID TIME OFF (PTO)**

_____

Plaintiff, BILLY JOE JACKSON, JR, hereby complains against Defendants, demanding a trial by jury, and seeking relief as follows:

**PARTIES**

1. Plaintiff, BILLY JOE JACKSON, JR, presently resides in the city of West Valley City, Utah. At all times relevant herein was a resident of the State of Utah, and all acts herein complained occurred in the State of Utah.

1

2. Defendant, WESTERN ARCHITECTURAL SERVICES,[1] is a Utah limited liability company and TRACY and SCOTT JONES are citizens of the state of Utah.

## JURISDICTION AND VENUE

3. This action is brought pursuant to the Fair Labor Standards Act (FLSA), as codified, 29 U.S.C. 201 to 219, and also pursuant to Utah state employment and contract law.

4. This Court has pendent jurisdiction of the related state law claims asserted under 28 U.S.C. § 1367 because they arise from a nucleus of operative facts common to the causes of action arising under this complaint, and because exercising pendent jurisdiction serves the interests of judicial economy, convenience and fairness to the parties.

**5.** Venue is proper in this Court pursuant to Utah Code § 78B-3-304(2) and 28 U.S. Code § 1391 because all work completed and described herein was performed in the State of Utah.

## PRELIMINARY STATEMENT

6. This case concerns the employment practices of Defendants. The Plaintiff is a former nonexempt employee who was let go by Defendants, apparently due to a slowdown in business.

7. This action seeks liquidated and actual damages for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.*

---

[1] Utah Legal Entity Number: 2026699-0160; Company Type: LLC – Domestic; Address: 527 W 600 S STE 700 SALT LAKE CITY, UT 84101; State of Origin: UT; Registered Agent: JEFFREY N. WALKER; Registered Agent Address: 537 W 600 S STE 700; SALT LAKE CITY, UT 84101

8. Plaintiff also seeks to be paid for his PTO time, and unpaid wages and insurance.

## STATEMENT OF FACTS

9. At all times relevant, Defendants have been and continue to be "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201, et seq.

10. At all times relevant, Defendants employed and continue to employ, employees, including Plaintiff, who engaged in commerce or in the production of goods for commerce.

11. Western Architectural Services was a business regulated by the FLSA, and was a covered enterprise during the time Plaintiff worked for Defendants.

12. During the time Plaintiff worked for Defendants, he was a non-exempt employee according to the FLSA.

13. Plaintiff was hired by Defendants on or about August of 2007.

14. Plaintiff was terminated on or about August of 2018.

15. Plaintiff was employed by Defendants to be a mold builder/technician.

16. Western Architectural Services LLC ("WAS") was voluntarily dissolved as of January 14, 2019, but the owners of it, based on information and belief, continue to engage in essentially the same business.

17. WAS and the other Defendants have outstanding wage debts to Plaintiff.

18. WAS closed with outstanding debts that still must be paid.

19. WAS and defendants diverted assets to insiders (to Defendants themselves) that should have been used to pay creditors such as Plaintiff.

20. Defendants are still in essentially the same line of business, have some of the same customers, and are a *de facto* continuation of WAS

21. The owners/directors or managers of WAS (Defendants) did not take proper steps to protect the claims of creditors while the company was insolvent and winding-up.

22. While working for Defendants, Plaintiff did not customarily and regularly perform exempt duties or responsibilities of an exempt executive, administrative or professional employee as required by § 13(a)(1)) of the FLSA.

23. Plaintiff was to be paid wages, but Defendants failed to properly pay him such.

24. Defendants were late paying Plaintiff at least six times.

25. Pursuant to the Parties' agreement/contract, Defendant failed to pay Plaintiff wages of at least $2,880 of unpaid wages (160 hours) for the work Plaintiff did for Defendants.

26. And because those hours were paid late, an additional $7.25 is owed on those hours, totaling $1,160.

27. He is owed $432 of unpaid PTO time.

28. The total is $4,472.

**29.** His attorney fees to date are $1,860.

**30.** He is also owed an undetermined amount of insurance for 2017.

**31.** He is also owed for bounced-check and other fees by Check City, which were caused by the bounced check he was given by Defendants. (Defendants sent him to Check City.)

32. Defendants failures to comply with the FLSA were willful violations, which may be commenced within three years after the violations.

33. The Defendants were all persons acting directly or indirectly in the interest of the employer."

34. All Defendants had the authority to hire and fire employees;

35. All Defendants determined the rate and method of payment of Plaintiff's employment;

36. All Defendants controlled Plaintiff's work schedule and/or the conditions of his employment; and

37. All Defendants maintained Plaintiff's employment records.

38. All Defendants knew Plaintiff was not paid timely (repeatedly), and that his pay would "bounce," but failed to pay him properly regardless.

## CAUSES OF ACTION

### COUNT I

**Violation of the Wage Requirement
of the Fair Labor Standards Act**

39. Plaintiff incorporates by reference each of the preceding paragraphs as though set forth herein at length.

40. Defendants violated the FLSA § 7, U.S.C. § 207 by failing to pay wages and minimum wage.

5

**41.** Pursuant to the FLSA § 16, 29 U.S.C. § 216, Plaintiff brings this lawsuit to recover unpaid wages, overtime, wage differential, liquidated damages in an equal amount, attorney's fees, and the cost of this litigation.

## COUNT III

### Breach of Contract and Reliance Damages

42. Plaintiff incorporates by reference each of the preceding paragraphs as though set forth herein at length.

43. Plaintiff agreed to do work for Defendants at the rate of $18 per hours.

44. Plaintiff lived up to his end of that agreement.

45. Defendants failed to pay Plaintiff per their agreement.

**46.** Plaintiff has been damages as a result, and now should be made whole.

### RELIEF REQUESTED

WHEREFORE, Plaintiff prays judgment against Defendants for the following relief:

### Count I

1. All statutory, general, compensatory, consequential, and other damages allowed by law.

### Count II

2. All statutory, general, compensatory, consequential, and other damages allowed by law.

### AS TO ALL CAUSES OF ACTION

3. An order requiring Defendants to pay all costs, legal fees, and expenses incurred in this action.

4. Any such further orders as the Court may deem just and proper under the circumstances, such as pre- and post-judgment interest, and the damages that related to Check City.

Dated this 2nd day of April, 2021

                              GREG SMITH AND ASSOCIATES PC

                              <u>/s/ Gregory B. Smith</u>
                              Gregory B. Smith
                              *Attorney for Plaintiff*
                              Billy Joe Jackson, Jr.